IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00165-MEH

YOSEPH YADESSA KENNO,

      Plaintiff,

v.

COLORADO'S GOVERNOR'S OFFICE OF INFORMATION TECHNOLOGY,
LYUBOV LOGACHEVA, in her individual capacity,
BOB MCINTYRE, in his individual capacity, and
DON WISDOM, in his individual and official capacities,

      Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's "Opposed Amended Motion for Reconsideration Pursuant to Rule 59" ("Motion"). ECF 150. Plaintiff wishes for the Court to reconsider its order granting Defendants' motion for sanctions. *See* ECF 101, 134. Specifically, Plaintiff argues that Defendants withheld information that, had the Court considered it, would have resulted in a denial of Defendants' motion. Defendants reject this, asserting that the "new" information does not affect the Court's ruling and that Plaintiff is raising issues that he should have raised earlier. ECF 153. The Court finds that oral argument would not materially assist it in adjudicating the Motion. For the reasons described, Plaintiff's Motion is denied.

**BACKGROUND**

Because the facts are well known to the parties, the Court incorporates its Findings of Fact from its June 30, 2021 order. Instead of providing a full recitation of those facts here, the Court will emphasize those procedural facts necessary for the adjudication of the Motion.

On May 5 and 6, 2021, this Court held an evidentiary hearing regarding Defendants' motion for sanctions in which Defendants alleged that Plaintiff had fabricated evidence during discovery.  ECF 119, 120.  Both sides were able to submit exhibits, call witnesses, and cross-examine the other side's witnesses.  *Id.*  Following the hearing, the Court asked for two things from the parties.  First, each side was to submit a brief on the issue of the state court proceeding's preclusive effect on this Court's findings.  The parties submitted briefs on May 26, 2021.  ECF 122, 123.  Second, the Court requested each side prepare proposed findings of fact and conclusions of law.  The parties submitted those on June 9, 2021.  ECF 130, 131.

Prior to that, on June 3, 2021, the Court held a discovery conference with the parties.  ECF 128.  The conference was intended to discuss issues that arose at or after the evidentiary hearing.  Among these was the production of the "Google Vault Audit Logs" ("Audit Logs") by Defendant, which the Court ordered to be produced.  *Id.* Following the discovery conference, the Court converted the upcoming final pretrial conference to a status conference to, in part, address Plaintiff's concerns regarding the Audit Logs. On June 7, 2021, the Court held the status conference at which the parties examined Plaintiff's Google Vault and Google Drive.  ECF 129. Other than their proposed findings of facts and conclusions of law, no party filed any document or motion with the Court after the June 7, 2021 status conference and before the Court ruled on the motion for sanctions.  On June 30, 2021, the Court issued its order, granting Defendants' motion, and finding that Plaintiff had fabricated three pieces of evidence: (1) the audio file between him and Curtis Stierwalt; (2) all versions of the March 19-20, 2018 HSA emails; and (3) a fraudulent Google domain that sent fake recovery emails.  ECF 134 at 39.

## LEGAL STANDARDS

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." *Madison v. Volunteers of Am.*, No. 12-cv-00333-REB-KMT, 2012 WL 1604683, at *1 (D. Colo. May 8, 2012) (quotation omitted).

Rule 59(e) motions may be granted only when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The basis for granting reconsideration is extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Id.* (citations omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

## ANALYSIS

Plaintiff focuses on the "new evidence previously unavailable." He cites to four pieces of evidence for why the Court should reconsider its order: (i) recently obtained Audit Logs; (ii) false

3

testimony regarding litigation holds; (iii) withheld videos; and (iv) various assertions alleging that Defendant Colorado Governor's Office of Information Technology ("GOIT") had an auto-deletion email policy in contravention of evidence presented at the evidentiary hearing.

### I.        Audit Logs

Plaintiff's primary argument for reconsideration is that he did not have the Audit Logs available to him.  Mot. at 12.  The Court ordered Defendants to produce the Audit Logs on June 3, 2021.  ECF 128.  Defendants produced them on June 4, 2021.  ECF 153-2.  Plaintiff does not deny that Defendants produced some of the Audit Logs on that date, *see* ECF 155 at 1, ¶ 7, but he argues that Defendants fell short in producing all Audit Logs.  Specifically, he contends that the Audit Logs should contain information from 2016.  *Id.* ¶ 8.  Moreover, Plaintiff asserts that when he requested the Audit Logs the first time, in March 2021, he received a blank log.  Mot. at 14.

On August 16, 2021, Plaintiff filed an "emergency" motion requesting discovery from and sanctions against Defendants regarding the Audit Logs.  ECF 155.  He argued that information from 2016 was not produced in the Audit Logs.  On August 17, 2021, the Court denied Plaintiff's motion, holding that he has made no showing that information from 2016 would be relevant to his case.  ECF 157.  That same reasoning applies here.  Plaintiff worked for GOIT from January 2017 until December 3, 2018. ECF 134 at 1, ¶ 1. Those Audit Logs regarding that timeframe were produced to Plaintiff. ECF 153-2.  Even if the Court had ordered Defendants to produce Audit Logs from 2016, Plaintiff has not demonstrated how this new information would be pertinent for the Court to reconsider its ruling.

But a more crucial problem persists with Plaintiff's argument.  He is raising this issue of the Audit Logs for the first time with his Motion.  When he raised the issue with Defendants in March 2021, Plaintiff was on notice of the allegedly deficient Audit Logs. From January 22, 2021

to July 19, 2021, Plaintiff was represented by competent counsel. ECF 103, 141. Yet, neither Plaintiff nor his counsel indicated that the Audit Logs were crucial to defending against Defendants' motion; in other words, no argument was made that an evidentiary hearing on the motion could not be held because Plaintiff did not have access to the Audit Logs. Further, in the roughly twenty-six days between the production of the Audit Logs and this Court's ruling, Plaintiff filed no motion seeking to reopen the evidentiary hearing record to include information regarding the Audit Logs. Only after the Court granted Defendants' motion is Plaintiff raising the issue of the importance of the audit logs to his alleged innocence of fabrication. This is not a valid argument on a motion for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012 ("It is not appropriate to . . . advance arguments that could have been raised in prior briefing.").

## II.  False Testimony and Litigation Holds

Similarly, Plaintiff's contention that Defendants' litigation holds were defective is unpersuasive. He notes that the first litigation hold ("Kenno 6-15-2018") only preserved emails within a two-week time frame. Mot. at 3, ¶ 4. However, a broader hold, OIT20180706-LH, was put in place for pertinent emails sent on or after January 1, 2018. ECF 153-3, ECF 154, Exh. C. Defendants provided information showing the existence of all litigation holds in January 2021. ECF 153-4, Exh. D; ECF 153-5, Exh. E. Thus, Plaintiff had ample opportunity, including at the evidentiary hearing, to raise concerns regarding the litigation holds. At this point, new arguments concerning these holds are not properly asserted in a motion for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012.

Moreover, Plaintiff's arguments regarding the allegedly false testimony of Lilo Santos and John Bartley fail to convince the Court to reconsider its order. First, Mr. Santos testified at the evidentiary hearing. Plaintiff, through counsel, had the opportunity to cross examine—and

impeach—Mr. Santos on inconsistencies from prior testimony.  To the extent Plaintiff did so, the

Court considered it in its original order.  To the extent Plaintiff failed to do so, he has waived the

ability to raise the argument on a motion for reconsideration.  Second, Plaintiff stipulated to the

testimony of Mr. Bartley.  ECF 120-2, Exh. ZZZ.  If there were issues with his testimony, Plaintiff

should not have stipulated to it.  "A motion for reconsideration is not an avenue for a party to

reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in

the original proceeding." *O'Hanlon v. AccessU2 Mobile Solutions, LLC*, No. 18-cv-00185-RJB-

NYW, 2018 WL 2561047, at *2 (D. Colo. Apr. 10, 2018).  Plaintiff has failed to set forth an

appropriate basis for reconsideration, so the Court cannot grant reconsideration based on this issue.

### III.    Withheld Videos

Other pieces of evidence Plaintiff points to are allegedly withheld videos.  Plaintiff argues

that the discovery of two videos in his Google Drive in June 2021 undermines the Court's findings

that he fabricated evidence.  Mot. at 16.  He implies that the existence of these videos demonstrates

how Lyubov Logacheva, Plaintiff's supervisor, could have obtained the recording of his voice to

alter the audio recording between him and Mr. Stierwalt.  *Id.*  But Plaintiff does not contend that

the audio implanted into the audio recording is contained in the videos; in other words, the exact

words uttered by Plaintiff are not found in the videos.  ECF 149, Exh. 26; ECF 149, Exh. 27.  Nor

could they reasonably be expected to be: the audio recording was specific to the Oracle Cloud

project and the conversation with Mr. Stierwalt.  In failing to demonstrate a plausible connection

between these videos and the evidence considered, pointing to these later discovered[1] videos does

little in way of convincing the Court of the necessity of reconsidering its order.

---

[1] Defendants contend that one video, the so-called "Segregation Video," was created by Plaintiff on July 10, 2018.  Resp. at 11.  If true, this video would not constitute proper evidence for a Rule 59 motion because it was available to Plaintiff before the Court's order.  However, Defendants do

IV.     **Defendants' Alleged Auto-Deletion Policy**

In his Motion, Plaintiff hints at an argument that Defendants lied about having a mechanism by which emails were automatically deleted. *E.g.*, Mot. at 7, ¶ 41 ("[I]n a YouTube video recently uncovered, Mr. Santos himself instructs Defendants' employees how to preserve emails that will otherwise be automatically deleted by Defendants' email retention policy."). In his reply, Plaintiff provides more substantive discussion regarding this argument, connecting it to the Audit Logs. Reply at 4–5. Plaintiff attached a declaration from Matthew Hosburgh, a forensic expert, in support of his contention. Exh. 53. For the same reasons described concerning the Audit Logs, Plaintiff's argument fails; namely, although the Audit Logs were produced after the evidentiary hearing, Plaintiff had ample time before the Court's order to file a motion to reopen evidence and request additional discovery. *See Spring Creek Expl. & Prod. Co.*, 2015 WL 3542699, at *2 (motions to reconsider are not meant for parties to raise "'new arguments, or supporting facts which were available at the time of the original motion.'") (citation omitted).

Even if the Court considered Mr. Hosburgh's opinion, it fails to satisfy Plaintiff's burden of showing the necessity of reconsideration. After reviewing the Audit Logs, Mr. Hosburgh opines that on June 12, 2016 an email retention policy was implemented to automatically delete emails after one day if the email was from "jose.crespo@state.co.us" and contained the keyword "FAREWELL." Exh. 53 ¶ 14a. While this may be evidence that Defendants had some automatic email deletion policy, it hardly shows that the deletion policy would have affected any evidence

---

not cite to the record for that proposition. In his Motion, Plaintiff explicitly states that he had no idea about the second video, titled "wilsonlying." Mot. at 16. His lack of a similar statement with regard to the first video may indicate that Defendants are correct as to Plaintiff's prior knowledge. Regardless, even if the Court considered both videos as proper evidence to raise in a motion for reconsideration, they fail to convince the Court that reconsideration is necessary and proper.

regarding Defendants' motion for sanctions. The highly specific nature of this alleged policy does not implicate the HSA emails, the audio recording, or the fabricated domain and recovery emails.

Furthermore, Plaintiff's other contentions regarding this argument do not convince the Court to reconsider its order. First, Plaintiff cites to the Employee Handbook, but that document only provides general guidance on how long employees should retain various types of emails, not an email deletion policy. Exh. 29 at 23–24. Second, Plaintiff cites to a "recently uncovered" YouTube video of Mr. Santos instructing Defendants' employees on how to preserve emails that otherwise would be automatically deleted. Mot. at 8, ¶ 41. Yet, that video does not give any indication that it is directed at GOIT employees and instead appears to pertain to other agencies with auto-deletion policies. ECF 149, Exh. 7; ECF 149, Exh. 8. Third, Plaintiff cites to news articles, but none of them state that GOIT has an auto-deletion policy. Exh. 9–11. Thus, reconsideration is not warranted.[2]

## CONCLUSION

A fundamental flaw permeates Plaintiff's Motion. While he complains about Defendants' alleged conduct throughout his briefing (*e.g.*, their alleged willful failure to produce the Audit Logs), he ignores the fact that the Court's order was based on *his* conduct, not theirs. Defendants presented clear, convincing, and compelling evidence—the substance of which Plaintiff hardly

---

[2] The Court notes that Plaintiff makes additional arguments in his reply. With the exception of one, the Court finds that these other arguments are largely duplicative of those discussed in this Order and otherwise improper for a Rule 59 motion in that they should have been raised earlier. *Servants of Paraclete*, 204 F.3d at 1012. The one exception is that Plaintiff contends that the phone containing the audio recording of him and Megan Bench has been located in Ethiopia. Reply at 10. While the last-minute discovery is incredible, unless that recording absolves Plaintiff of any wrongdoing regarding the HSA emails, the audio recording with Mr. Sierwalt, *and* the creation of the fraudulent domain and recovery emails, then the audio does not create the need for reconsideration. As the audio likely would only concern the HSA emails, this piece of evidence (the contents of which are still unknown) is insufficient for Plaintiff to meet his burden.

addresses—that Plaintiff fabricated multiple pieces of evidence in this case. For instance, expert reports and testimony provided a foundation for understanding how Plaintiff could and did accomplish his fabrications. The evidence revealed that all versions of the HSA emails were produced by him. Various testimony established that only Plaintiff, not Mr. Santos or Ms. Logacheva, had any motive to create a fraudulent domain and insert thousands of emails into his Google Drive. Plaintiff's Motion addressed none of these concerns. The Audit Logs, disagreement over testimony, videos that do not affect the fabricated evidence, and untimely arguments over email deletion policies do not satisfy Plaintiff's burden for reconsideration.

Accordingly, and for the reasons stated in this Order, Plaintiff's Motion [filed July 30, 2021; ECF 150] is **denied**.[3] Previously, the Court ordered Plaintiff file a response to Defendants' motion for costs and fees no later than five business days from the date of this ruling. ECF 152. Defendants subsequently filed a supplemental motion for attorney fees. ECF 162. Given this new filing, Plaintiff's pro se status, and the Court's experience with recent delays in mailing, the Court *sua sponte* amends its previous order to allow Plaintiff to file a consolidated response to both ECF 138 and ECF 162 on or before September 30, 2021 (*i.e.*, twelve business days).

Dated at Denver, Colorado, this 14th day of September, 2021.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[3] The Court adds that even if Plaintiff's Motion had been granted, reconsideration likely would mean the need to reopen the evidentiary record to address Defendants' allegations of additional fabricated evidence, including, but not limited to, a June 10, 2018 video recording produced in discovery by Plaintiff. *See* ECF 134 at 38–39.