IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00165-MEH

YOSEPH YADESSA KENNO,

    Plaintiff,

v.

COLORADO'S GOVERNOR'S OFFICE OF INFORMATION TECHNOLOGY,
LYUBOV LOGACHEVA, in her individual capacity,
BOB MCINTYRE, in his individual capacity, and
DON WISDOM, in his individual and official capacities,

    Defendants.

---

## ORDER

---

    Before the Court are Defendants' "Application for Attorneys' and Experts' Fees" (ECF 138) and "First Supplemental Application for Attorneys' and Experts' Fees" (ECF 162) (together, "Motions"). Defendants seek their reasonable fees pursuant to this Court's order granting their motion for sanctions. ECF 134. The Motions are fully briefed, and the Court finds that oral argument would not materially assist in their adjudication. ECF 172, 173. For the reasons described, Defendants' Motions are granted.

### BACKGROUND

    Because the facts are well known to the parties, the Court incorporates its Findings of Fact from its June 30, 2021 order. Instead of providing a full recitation of those facts here, the Court will emphasize those procedural facts necessary for the adjudication of the Motions.

    On May 5 and 6, 2021, this Court held an evidentiary hearing regarding Defendants' motion for sanctions in which Defendants alleged that Plaintiff had fabricated evidence during

discovery.  ECF 119, 120.  Both sides were able to submit exhibits, call witnesses, and cross-examine the other side's witnesses.  *Id.*  Following the hearing, the Court asked for two things from the parties.  First, each side was to submit a brief on the issue of the state court proceeding's preclusive effect on this Court's findings.  The parties submitted briefs on May 26, 2021.  ECF 122, 123.  Second, the Court requested each side prepare proposed findings of fact and conclusions of law.  The parties submitted those on June 9, 2021.  ECF 130, 131.

On June 30, 2021, in consideration of the parties' briefing and submitted evidence, the Court granted Defendants' motion for sanctions, finding by clear and convincing evidence that Plaintiff had fabricated certain pieces of evidence.  ECF 134.  As the sanction, the Court entered judgment in favor of Defendants and awarded them their reasonable fees and costs.  *Id.* at 40.  Shortly thereafter, Defendants filed their initial application for attorneys' and experts' fees.  ECF 138.  They "request an award of $284,303.33 in reasonable attorneys' and experts' fees spent defending this lawsuit and uncovering Plaintiff's fraud."  *Id.* at 1.  The next day, Plaintiff's counsel filed a motion to withdraw, which the Court later granted.  ECF 138, 141.  Proceeding pro se, Plaintiff filed a motion for reconsideration on July 28, 2021.  ECF 150.  Contemporaneously, he also filed a motion to stay briefing on the application for fees until the Court resolved the motion for reconsideration.  ECF 151.  The Court granted the stay of briefing.  ECF 152. Due to some delay, the motion for reconsideration did not get fully briefed until September 8, 2021.  ECF 164.  In the meantime, Defendants filed their first supplemental application for fees.  ECF 162.  There, they request an additional "$16,558.00 for hours that were reasonably and necessarily incurred between the time-period of June 30 to August 12, 2021."  *Id.* at 2, ¶ 4.

On September 14, 2021, the Court denied Plaintiff's motion for reconsideration.  ECF 168.  In so doing, the Court set a consolidated deadline for Plaintiff to respond to the Motions on or

before September 30, 2021. *Id.* at 9. On September 30, 2021, Plaintiff filed a motion for an extension of time. ECF 169. The Court granted that request and extended the deadline to file a response to October 4, 2021. ECF 171. Plaintiff timely filed his response on October 4, 2021. ECF 172. Defendants filed their reply in support of the Motions on October 6, 2021. ECF 173.

## LEGAL STANDARDS

Once a party becomes entitled to fees, the court must determine what reasonable fees shall be awarded. *Beard v. Teska*, 31 F.3d 942, 955 (10th Cir. 1994), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir.1998). The lodestar amount "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* The party seeking the fee award bears the burden of demonstrating the award's reasonableness. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). Additionally, "[t]he district court has a corresponding obligation to exclude hours not reasonably expended from the calculation." *Id.* (quoting *Hensley*, 461 U.S. at 434) (internal quotation marks omitted).

## ANALYSIS

Defendants request both attorneys' and experts' fees. Because the awarding of these fees requires distinct analyses, the Court addresses each separately

I.   **Attorneys' Fees**

3

As mentioned above, there are two aspects to calculating the lodestar figure: (1) a reasonable hourly rate, and (2) the number of hours reasonably expended.

**A.      Rate**

The first consideration is for the Court to determine the reasonableness of the hourly rate. As an initial matter, when Plaintiff was represented, he stipulated to the requested fee rates. Mot. at 1. His response to the Motions does not alter that fact. Given the parties' agreement, the Court will only briefly inquire into the reasonableness of the rates. A reasonable hourly rate "is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018. "When determining the rate of a salaried-government attorney, the court should use 'a billing rate equal to their counterparts in expertise in private practice.'" *Rasmusssen v. Thorne*, 2015 WL 4652781, at *7 (D. Colo. Aug. 6, 2015) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).

Here, Defendants submit an hourly rate of $325.00 for Jack Patten, III, $300.00 for Leslie Schulze, and $225.00 for Lauren Davison. Each lawyer has provided a declaration regarding his or her experience, skill, and qualifications. ECF 138-3 (Decl. of Mr. Patten); ECF 138-4 (Decl. of Ms. Schulze); ECF 138-5 (Decl. of Ms. Davison). Based on these declarations and noting no opposition from Plaintiff, the Court finds the proposed hourly rates reasonable. *E.g.*, *Rasmussen*, 2015 WL 4652781, at *7 (finding an hourly rate of $350.00 reasonable for an experienced government attorney); *Albu v. Delta Mech. Inc.*, No. 13-cv-03087-PAB-KMT, 2015 WL 4483992, at *6 (D. Colo. June 30, 2015) (finding hourly rates for Denver-based attorneys reasonable at $250.00 or $300.00, depending on experience); *Phillips v. LuckyGunner, LLC*, NO. 14-cv-02822-

RPM, 2015 WL 3799574, at *4 (D. Colo. June 17, 2015) (finding an hourly rate of $325.00 reasonable for experienced, Denver attorneys).

In addition to counsels' rates, Defendants have submitted hourly rates for Jennifer Reynard and Zoe Johnson, their litigation paralegals. For them, the hourly rates are $165.00 and $125.00, respectively. Mot. at 6–7. Like counsel, both Ms. Reynard and Ms. Johnson have submitted declarations concerning their experience, skill, and qualifications. ECF 138-6 (Decl. of Ms. Reynard); ECF 138-7 (Decl. of Ms. Johnson). Again, based on the information provided in the declarations and noting no opposition from Plaintiff, the Court finds the hourly rates reasonable. *E.g., Stockmar v. Colo. Sch. of Traditional Chinese Med., Inc.*, No. 13-cv-02906-CMA-MJW, 2015 WL 4710840, at *5 (D. Colo. Aug. 7, 2015) (finding hourly rate of $100.00 reasonable); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1088 (D.N.M. 2018) (finding paralegal hourly rates of $150.00 and $125.00 reasonable); *Beach v. Berryhill*, No. 14-CV-857-BBC, 2017 WL 3275546, at *2 (W.D. Wis. Aug. 1, 2017) (finding $200.00 per hour reasonable for experienced paralegal).

### B. Amount

With the reasonable hourly rates established, the Court now turns to the number of hours billed. "When requesting a fee award, the attorney must exercise the same 'billing judgment' as would be proper in setting fees for a paying client." *Merrill v. Contract Freighters, Inc.*, 2021 WL 3742242, at *2 (D. Colo. Aug. 24, 2021) (citing *Hensley*, 461 U.S. at 434). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 223*, 157 F.3d 1243, 1250 (10th Cir. 1998) (citing *Ramos*, 713 F.2d at 553). In addition to billing judgment, when considering the reasonableness of the hours billed, the Court may consider the following non-exhaustive factors: (1) the number of hours spent on each

task; (2) the complexity of the case; (3) the number of reasonable strategies pursued; (4) the responses necessitated by the opposing side's maneuvering; and (5) potential duplication of services by multiple lawyers. *Ramos*, 713 F.2d at 554; *Cross v. Qwest Disability Plan*, No. 08-cv-00516-PAB-KMT, 2010 WL 5476790, at *4 (D. Colo. Dec. 30, 2010). "Hours that are 'excessive, redundant, or otherwise unnecessary' should be excluded from a fee request." *Merrill*, 2021 WL 3742242, at *2 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1204 (10th Cir. 1986)).

In their initial application for fees, Defendants contend that they incurred 1,239.50 hours of work in having to investigate and defend Plaintiff's fraud on the court. ECF 138 at 9. Despite incurring that many hours, Defendants only request 788.10 hours of billable time. *Id.* In their first supplemental application, Defendants request an additional 65.9 hours of billable time, for a total of 854 hours. ECF 162-1. The time is broken down as follows

| **Professional** | **Hours Worked** | **Hourly Rate** | **Total** |
| --- | --- | --- | --- |
| Leslie Schulze | 335.4 | $300.00 | $100,620.00 |
| Lauren Davison | 298.6 | $225.00 | $71,550.00 |
| Jack Patten, III | 123.5 | $325.00 | $43,680.00 |
| Jennifer Reynard | 45.6 | $165.00 | $9,619.50 |
| Zoe Johnson | 6.1 | $125.00 | $987.50 |

Plaintiff's response in opposition to the Motions only addresses these amounts in one substantive way: "The amount that Defendants are seeking is insurmountable for any individual, let alone me. When deciding how much to award Defendants, I hope the court considers the fact that I had spent everything I had, over $260,000." Resp. at 7, ¶ 9. The rest of his response is a rehash of his motion for reconsideration. For example, he argues that Defendants should not be awarded any money because the claims that he fabricated the HSA emails are false. *Id.* at 1–2, ¶

6

1. Or, as he has before, Plaintiff accuses Defendants of wrongdoing. *Id.* at 3, ¶ 3 ("Defendants fabricated a replica of a Google Hangouts Instant Message."). But the Court found Defendants established clear and convincing evidence that Plaintiff did fabricate evidence, including the HSA email exchanges, and the Court denied his motion for reconsideration. It is not proper for Plaintiff to argue the merits of older motions on the Motions now before the Court.[1]

But Plaintiff has raised a proper argument as to inability to pay an award of fees. *See Mayo v. Fowler Fitness, Inc.*, 115 F. App'x 46, 47 (10th Cir. 2004) (concluding district court did not abuse its discretion in considering pro se plaintiff's ability to pay the award of attorneys' fees). However, "the party seeking to reduce the amount of attorney's fees because of limited finances has the burden to plead and establish his or her financial status." *Gibbs v. Clements Food Co.*, 949 F.2d 344, 345 (10th Cir. 1991). Although Plaintiff argues he financially cannot pay any award, Plaintiff has not submitted a financial affidavit or any other supporting documentation for his claim. The Court simply cannot determine Plaintiff's financial status. Accordingly, he has not carried his burden on why an award of fees should be reduced.

That said, the Court will not simply rubber-stamp Defendants' sought award. The Court has considered the reasonableness of each billable entry. In general, the Court finds the hours billed to be reasonable. Plaintiff filed this case in January 2019. ECF 1. The billing records indicate that questions about the authenticity of evidence first occurred in late November 2019. ECF 138-1 at 1. Since this Court's order on the motion for sanctions was issued on June 30, 2021,

---

[1] Even if the Court took the extraordinary step of construing Plaintiff's arguments as another motion for reconsideration, that motion would likely be denied on the same grounds as the previous one. "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Plaintiff's other arguments either were or should have been raised earlier.

Defendants worked for over one-and-a-half years to defend Plaintiff's fabrication. This work included, but was not limited to, legal research, depositions, meticulous review of thousands of documents, preparation for discovery requests and disputes, and numerous court appearances, including the two-day evidentiary hearing. Moreover, based on counsel's representations, the time billed has been winnowed down by at least 385.5 hours (a roughly thirty-one percent reduction). Due to Plaintiff's fabrication of evidence and subsequent efforts to cover-up the fabrication, the Court cannot say, on the whole, that such hours were not reasonably expended.

Yet, some entries need additional scrutiny. From April 3, 2020 to April 22, 2020, there are several billing entries concerning a motion to compel. ECF 138-1 at 4–5. Defendants filed such a motion on April 22, 2020 regarding a requested inspection of Plaintiff's personal devices and accounts. ECF 66. Immediately after being filed, the Court issued a minute order denying the motion without prejudice. ECF 67. The Court denied it because, pursuant to the Scheduling Order (§ 8(d)) and the Court's practice standards (§ III(C)), before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court. The Court determines at the conference whether to grant the movant leave to file the motion. Had Defendants complied with these provisions, they would have eliminated the need to expend time on drafting the motion; in other words, the Court finds that time spent on drafting and finalizing (as opposed to researching) the motion to compel was excessive and not reasonably expended. *Malloy*, 73 F.3d at 1018. Consequently, the Court reduces the number of hours for Ms. Schulze[2] and Ms. Reynard.[3]

---

[2] These entries are 0.3 hours on 4/3, 1.7 hours on 4/6, 1.1 hours on 4/7, 2.3 hours on 4/8, 3.8 hours on 4/9, 0.9 hours on 4/13, 2.8 hours on 4/14, 2.9 hours on 4/16, 1.6 hours on 4/17, and 0.4 hours on 4/22. ECF 138-1 at 4–5

[3] These entries are 0.8 hours on 4/17 and 0.7 hours on 4/22. ECF 138-1 at 4–5.

In so ruling, the Court notes that several entries contain multiple activities by counsel. For instance, on April 13, 2020, Ms. Schulze billed 0.9 hours for discussing the motion to compel and other discovery matters with Mr. Patten, researching certain GOIT cell phone policies, and adding such policies to the draft motion to compel. ECF 138-1 at 4. There is no break-down in the entry for what percentage or amount of time Ms. Schulze spent on each individual task. The Court has discretion in reducing such billing entries. *See Aptive Environmental, LLC v. Town of Castle Rock, Colo.*, No. 17-cv-01545-MSK-MJW, 2018 WL 10231677, at *3–4 (D. Colo. Oct. 22, 2018). To account for the unnecessary time spent on drafting, the Court reduces certain entries by fifty percent. For Ms. Schulze, these entries are 1.7 hours on 4/6 (for a total of 0.9 hours[4]), 1.1 hours on 4/7 (for a total of 0.6 hours), 2.3 hours on 4/8 (for a total of 1.2 hours), 3.8 hours on 4/9 (for a total of 1.9 hours), 0.9 hours on 4/13 (for a total of 0.5 hours), 2.8 hours on 4/14 (for a total of 1.4 hours), 2.9 hours on 4/16 (for a total of 1.5 hours), 1.6 hours on 4/17 (for a total of 0.8 hours). Ms. Schulze's entry on 4/3 for 0.3 hours concerns only drafting of the motion, so the Court discounts the entire time. Because Ms. Reynard's two entries concern only preparation and filing of the motion to compel, the Court also reduces those total amounts. In sum, the Court finds 9.1 hours for Ms. Schulze and 1.5 hours for Ms. Reynard to be excessive and not reasonably expended.

Finally, the Court notes that Ms. Johnson has an entry on March 12, 2021 for filing a reply to the motion for sanctions and sending a copy to clients. ECF 138-1 at 22. The time billed is 0.7 hours. The Court finds this excessive. Filing a document with the Court, even with attachments, should take no more than a few minutes. The same is true of sending an email with the same attachments. Accordingly, the Court reduces this amount by 0.5 hours.

---

[4] The Court rounds these entries to the nearest 0.1 hours.

9

Accounting for these reductions, the Court finds the following hours to be those reasonably expended in this matter:

| Professional | Hours Worked | Hourly Rate | Total |
| --- | --- | --- | --- |
| Leslie Schulze | 326.3 | $300.00 | $97,890.00 |
| Lauren Davison | 298.6 | $225.00 | $71,550.00 |
| Jack Patten, III | 123.5 | $325.00 | $43,680.00 |
| Jennifer Reynard | 44.1 | $165.00 | $7,276.50 |
| Zoe Johnson | 5.6 | $125.00 | $700.00 |

Therefore, the Court awards Defendants their reasonable attorneys' fees in the amount of $221,096.50 for 798.1 hours worked.

## II.     Experts' Fees

Defendants also seek their experts' fees. Inherent in the powers of this Court is the "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (citation omitted). An appropriate sanction can be "whatever is reasonably necessary to deter abuse of the judicial process." *Hargrove v. Riley*, No. CV-04-4587 (DGT), 2007 WL 389003, at *11 (E.D.N.Y. Jan. 31, 2007). Other courts have awarded experts' fees as a sanction. *Takeda Chem. Indus., Ltd. V. Mylan Lab'ys. Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) ("a district court may invoke its inherent power to impose sanctions in the form of reasonable expert fees . . ."); *Mathis v. Spears*, 857 F.2d 749, 758–59 (Fed. Cir. 1988) (noting "that full expert witness fess have been awarded, without specific statutory authorization, upon a finding of bad faith"); *New Mexico Oncology & Hematology Consultants, Ltd. V. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2018 WL 5792320, at *2 (D.N.M. Nov. 5, 2018) (awarding experts' fees for defendant's negligence in

responding to discovery). In considering whether an award of experts' fees is proper, a court may consider the necessity of the experts and whether the fees are reasonable for the scope of the work performed in the litigation. *See Mathis*, 857 F.2d at 759.

Here, the Court finds that awarding experts' fees is appropriate for four reasons. First, the Court found by clear and convincing evidence that Plaintiff fabricated multiple pieces of evidence, including evidence meant to cover-up Plaintiff's prior fabrications. The Court dismissed Plaintiff's claims based on this conduct and, "given the egregious nature of his manipulation of evidence, . . . [to] serve as a deterrent to others who may think about trying what Plaintiff did here." ECF 134 at 39. Second, Defendants' use of experts was reasonable and necessary to prove Plaintiff's fabrications. The Court relied heavily on the testimony and reports of Sara McDermott and Angela Malley in finding clear and convincing evidence. *Id.* ¶¶ 81–88, 91–116. Third, the submitted invoices, totaling $74,404.33 in experts' fees, reflect the necessary work to rebut Plaintiff's extensive and continued fabrications. Fourth, Plaintiff has raised no specific objection to the award of experts' fees. His general argument that he cannot pay fees fails for the same reason the Court mentioned earlier regarding the attorneys' fees. Accordingly, the Court awards Defendants their reasonable experts' fees in the amount of $74,404.33

## **CONCLUSION**

In over fifteen years on the bench, this judicial officer has never seen the level of fabrication and fraud on the court as is present in this case. Based on clear and convincing evidence, the Court granted Defendants' motion for sanctions and dismissed Plaintiff's claims. In doing so, the Court awarded Defendants their reasonable fees and costs in having to defend Plaintiff's conduct. After considering the reasonableness of such fees, Defendants' "Application for Attorneys' and Experts' Fees" [filed July 14, 2021; ECF 138] and "First Supplemental Application for Attorneys' and

Experts' Fees" [filed September 3, 2021; ECF 162] are **granted** as follows. To compensate Defendants for their reasonable and necessary fees, to hold Plaintiff accountable for his actions, and to deter such future conduct, the Court awards Defendants $221,096.50 in attorneys' fees and $74,404.33 in experts' fees for a total of $295,500.83 in fees. Additionally, the Court confirms the costs taxed by the Clerk of the Court against Plaintiff in the amount of $2,791.52.

Dated at Denver, Colorado, this 12th day of October, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge